UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOANN L. LUSSIER,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C24-5492-SKV

OPINION AND ORDER

On June 24, 2024, Plaintiff Joann L. Lussier ("Plaintiff") sued the Commissioner of Social Security and Social Security Administration (collectively "Defendant"). *See* Dkt. 4. Plaintiff alleges she has been disabled since at least April 15, 2021, and claims Defendant wrongfully denied her Social Security Disability Insurance ("SSDI") application. *See* Dkt. 4 at 2. Plaintiff seeks an order reversing the Administrative Law Judge's ("ALJ") adverse decision and awarding benefits accrued since April 2021. *See* Dkt. 4 at 3.

Before the Court is Defendant's motion to dismiss this case pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3).[1] *See* Dkt. 21 at 1. Defendant argues Plaintiff received

---

[1] The Court declines Plaintiff's unsupported invitation to construe the Government's filing as a responsive brief. *See* Dkt. 22 at 1. "Because standing and mootness both pertain to a federal court's subject-matter jurisdiction under

OPINION AND ORDER - 1

benefits for the period at issue on October 2, 2024, through a separate, successful SSDI application, which defeats her standing, moots her claim, and deprives this Court of subject matter jurisdiction. *See* Dkt. 21 at 2–3; Dkt 21-1 (Notice of Award of SSDI benefits accrued since November 2020). For the following reasons, the Court finds Plaintiff's claim nonjusticiable and DISMISSES this case without prejudice.

I.      DISCUSSION

The Court reviews the nature of Defendant's challenge before considering the merits.

A.    Rule 12(b)(1)

Defendants can mount a Rule 12(b)(1) challenge to plaintiffs' jurisdictional allegations in two ways. "A 'facial' attack accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004)). "A 'factual' attack, by contrast, contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id.* (first citing *Safe Air,* 373 F.3d at 1039; and then citing *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.,* 594 F.2d 730, 733 (9th Cir. 1979)). "When the defendant raises a factual attack, the plaintiff must support her jurisdictional allegations with 'competent proof,' under the same . . . [preponderance of the evidence] standard that governs in the summary judgment context." *Id.* (citations omitted). District courts may resolve factual disputes necessary for a jurisdictional inquiry at the motion to dismiss stage. *Id.* at 1121–22 (first citing *Safe Air,* 373 F.3d at 1039–40; then citing *Augustine v. United States,* 704 F.2d 1074, 1077 (9th Cir. 1983); and then citing *Thornhill,* 594 F.2d at 733).

---

Article III, they are properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Furthermore, the Court must dismiss any action over which it lacks subject matter jurisdiction, regardless of the procedural posture. *See* Fed. R. Civ. P. 12(h)(3).

OPINION AND ORDER - 2

1     Here, Defendant mounts a factual challenge contesting the accuracy of Plaintiff's core
2 allegation: that she was denied benefits for the period between her alleged onset of disability on
3 April 15, 2021, and the ALJ's unfavorable decision on September 25, 2023. *See* Dkt. 21 at 4;
4 Dkt 22 at 2. In support, Defendant offers a Notice of Award, dated October 2, 2024, informing
5 Plaintiff that she is "entitled to monthly disability benefits from Social Security beginning
6 November 2020." Dkt. 21-1 at 1. Plaintiff received the Notice of Award after filing a separate
7 SSDI application alleging disability since November 2020. *See id*; Dkt. 26 at 3.

8     Plaintiff offers no evidence to support her jurisdictional allegations or rebut Defendant's
9 evidence that she has already been awarded the benefits sought in this case. Instead, Plaintiff
10 notes there is no evidence in the record that she received the funds.[2] *See* Dkt. 22 at 3. That is
11 irrelevant. Payment issues fall outside the scope of this Court's review. *See* 42 U.S.C. § 405(g).
12 To the extent there is a factual dispute here, the Court finds Plaintiff received a grant of benefits
13 that covers the entire period for which she seeks benefits in this action. *See* Dkt. 21-1. With the
14 facts straight, the Court reviews their impact on its subject matter jurisdiction.

15 B.   Justiciability

16     Article III of the Constitution limits federal courts' subject matter jurisdiction to cases
17 and controversies. *See* U.S. Const. art. III. Various justiciability doctrines guide Courts'
18 analysis of whether they can, and should, decide cases in view of that limited constitutional
19 mandate. Three such doctrines— standing, ripeness, and mootness—apply here.

20     "[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered
21 an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not
22 conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the

23

---

[2] Plaintiff does not deny receiving the funds, either in full or in part.

OPINION AND ORDER - 3

defendant; and . . . [(3)] it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992)).

"[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 67 (1997) (quoting *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975)). That is where mootness and ripeness come in. "While standing is primarily concerned with *who* is a proper party to litigate a particular matter, ripeness [and mootness] address[] *when* litigation may occur." *Bova v. City of Medford*, 564 F.3d 1093, 1096 (9th Cir. 2009) (quoting *Lee v. Oregon,* 107 F.3d 1382, 1387 (9th Cir. 1997)). As such, both doctrines can be characterized as "standing set in a time frame." *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003); *see Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc). The timely asserted (ripe), "personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Foster*, 347 F.3d at 745 (quoting *Cook Inlet Treaty Tribes v. Shalala*, 166 F.3d 986, 989 (9th Cir. 1999)).

Here, Plaintiff alleges one injury: wrongful denial of benefits. Her Notice of Award from a different SSDI application recognizes her entitlement to benefits for the entire time period at issue in this case. *See* Dkt. 21-1. Nonetheless, Plaintiff argues the relief she seeks has not actually been granted because the Notice of Award from her other application is not final. *See* Dkt. 22 at 2. She asserts, without citation, that if that case is reopened and the decision on her disability status between April 15, 2021, and September 25, 2023, is revised, she will be foreclosed from challenging any resulting denial of benefits for that period due to the

OPINION AND ORDER - 4

administrative decision in this case. *See* Dkt. 22 at 3. This lack of finality, Plaintiff argues, perpetuates the original case or controversy. *See* Dkt. 22 at 2; Dkt. 26 at 2–3.

To the extent Plaintiff seeks to restyle her claim to seek a declaratory judgment precluding reconsideration of her benefits, she does not have standing.[3] *Compare* Dkt. 4 at 4 (requesting that the ALJ's decision be reversed and payment of benefits ordered), *with* Dkt. 26 at 4 (requesting "an [o]rder stating that based on the agreement of the parties . . . Lussier is entitled to disability benefits for the period" at issue). If potential reopening and revision of Plaintiff's other SSDI application, which is not before this Court, threatens injury, it is speculative. Likewise, procedural complexities that could arise from Plaintiff filing two SSDI applications for overlapping time periods are neither imminent nor fairly traceable to Defendant's actions.

To the extent Plaintiff maintains her original claim, it is no longer ripe. Ripeness inquiries elicit both constitutional and prudential considerations. "The constitutional component of . . . [ripeness] is often treated under the rubric of standing." *Thomas*, 220 F.3d at 1138. "[I]n many cases, ripeness coincides squarely with standing's injury in fact prong." *Id.* The prudential component requires courts "to evaluate (1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration." *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003) (citing *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148–49 (1967)). One "purpose of the ripeness doctrine is to avoid premature judicial review of administrative action." *St. Clair v. City of Chico*, 880 F.2d 199, 202 (9th Cir. 1989).

As Plaintiff recognizes, the period of time at issue in this case has been swept within scope of her separate, successful application for disability benefits. *See* Dkt. 26 at 3. While

---

[3] In view of the Court's decision to dismiss this case, it declines to address whether this restyling could be accomplished absent amendment to the Complaint.

OPINION AND ORDER - 5

Plaintiff's claim may have been ripe when filed, it has since lost its ripeness. *See, e.g., City & Cnty. of San Francisco v. Garland*, 42 F.4th 1078, 1086 (9th Cir. 2022). Now the Court's review risks intrusion into a separate administrative proceeding Plaintiff concedes is not yet final.[4] *See* Dkt. 22 at 2. And Plaintiff will suffer no hardship if the Court withholds consideration because she has been awarded the benefits sought in this case. Revision of that award is wholly speculative.

Defendant argues Plaintiff's original claim has also been rendered moot by receipt of her requested remedy. "A claim is moot if it has lost its character as a present, live controversy." *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997), *as amended* (Sept. 16, 1997) (citing *Am. Tunaboat Ass'n v. Brown,* 67 F.3d 1404, 1407 (9th Cir. 1995)). "If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed." *Id.* (first citing *GTE Cal., Inc. v. FCC,* 39 F.3d 940, 945 (9th Cir. 1994); and then citing *Nw. Res. Info. Ctr., Inc. v. Nat'l Marine Fisheries Serv.*, 56 F.3d 1060, 1069 (9th Cir. 1995)). As discussed, the Notice of Award from Plaintiff's other application provides the remedy she seeks here, leaving the Court without any further relief to grant. However, neither party addresses whether the voluntary cessation or "capable of repetition, yet evading review" exceptions to mootness apply here. Absent necessity and comprehensive briefing, the Court declines to reach the mootness issue.

---

[4] Were the Court to proceed to review Plaintiff's first disability benefits application, three outcomes could result. First, the Court could remand for an award of benefits for the period between April 15, 2021, and September 25, 2023. A separate ALJ has already awarded Plaintiff benefits for that period, and that decision has not been challenged. And because benefits have already been granted, no award could issue upon this Court's remand. Second, this Court could affirm the ALJ's findings that Plaintiff was not disabled, issuing a ruling that would directly intrude on the administrative process initiated by Plaintiff's subsequent SSDI application. Finally, this Court could remand for further proceedings, and the ALJ's reconsideration of the matter could produce either a duplicative decision or one inconsistent with that reached regarding Plaintiff's other application. In short, there is no way for the Court to consider the merits of this matter without inviting inconsistent judgments and intruding into the administrative process.

II.   CONCLUSION

Because Plaintiff has been awarded disability benefits for the entire period at issue in this case, her claim is nonjusticiable. Accordingly, the Court lacks subject matter jurisdiction to review the ALJ's decision and DISMISSES this case without prejudice.

The Clerk is directed to send copies of this Order to the Parties.

Dated this 2nd day of June, 2025.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge

OPINION AND ORDER - 7