UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOANN L. LUSSIER,

                    Plaintiff,

          v.

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

Case No. C24-5492-SKV

ORDER DENYING EAJA FEES

Plaintiff moves for an award of attorneys' fees and expenses pursuant to the Equal

Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  *See* Dkt. 30 at 1.  Plaintiff argues that she is

the prevailing party in this action and that the Commissioner's position was not substantially

justified because, during the pendency of this action, she was awarded the benefits sought

through a distinct, successful application for benefits.[1]  *See* Dkt. 30 at 1–2.  The Commissioner

opposes and posits that Plaintiff is not the prevailing party because she received the relief sought

through a separate benefits application not at issue in this action and because the Court dismissed

this appeal as nonjusticiable.  *See* Dkt. 37 at 2.

---

[1] Plaintiff cites no case law in support of her position.

ORDER DENYING EAJA FEES - 1

"[T]he Supreme Court has refused to allow the award of attorneys' fees without clear statutory authorization." *Hardisty v. Astrue*, 592 F.3d 1072, 1076 (9th Cir. 2010) (collecting cases). The EAJA "authorizes federal courts to award attorneys' fees, court costs, and other expenses when a party prevails against the United States," *id.*, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust[,]" 28 U.S.C. § 2412(d)(1)(A). A "'prevailing party' under the EAJA must be one who has gained by judgment or consent decree a 'material alteration of the legal relationship of the parties.'" *Perez-Arellano v. Smith*, 279 F.3d 791, 794 (9th Cir. 2002), *as amended* (Feb. 21, 2002). "[W]here a lawsuit simply prompts a party's voluntary change, the alteration of the legal relationship 'lacks the necessary judicial *imprimatur*.'" *Hexacta Inc. v. McAleenan*, No. C19-554-RSM, 2019 WL 7037382, at *2 (W.D. Wash. Dec. 20, 2019) (quoting *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005)); *see also Ramos v. Nielsen*, No. 18-CV-1554-EMC, 2025 WL 1953463, at *8 (N.D. Cal. July 16, 2025) (denying EAJA fees pursuant to *Lackey v. Stinnie*, 604 U.S. 192 (2025)).

Here, Plaintiff is not the prevailing party because the Court did not render a judgment on the merits or approve a settlement agreement. She obtained the relief sought independently, through a fresh application for benefits voluntarily granted by the Commissioner. That rendered this action nonjusticiable, and the Court never compelled any change in the parties' legal relationship. *See Perez-Arellano*, 279 F.3d at 795 (affirming denial of EAJA fees where Plaintiff achieved naturalization through a new application because his change of status was a result of the agency's voluntary decision uncompelled by the Court); Dkt. 28 at 7. Despite the Commissioner's concession that the case should be remanded and the parties' efforts to negotiate a stipulated remand, *see* Dkt. 19 at 2; Dkt. 30 at 2, no stipulation was submitted to the Court, and

1    the Court dismissed this case, *see* Dkt. 28 at 7; Dkt. 31 at 2 ("[Plaintiff] turned down a remand

2    offer from the Commissioner because the Commissioner was unwilling to include language

3    protecting the award of benefits on the new claim. I was concerned that agreeing to the remand

4    offer as proposed, or even agreeing to simply dismiss the complaint as was also proposed, could

5    place my client's receipt of ongoing disability benefits at risk.").

6            Plaintiff appears to concede her ineligibility for EAJA fees by pivoting to an entirely new

7    argument in her Reply. Instead of responding to the Commissioner's legal arguments, she

8    informs the Court that the parties engaged in settlement discussions regarding attorney's fees and

9    asks the Court to "enforce the parties' EAJA settlement agreement." Dkt. 38 at 1. She relates

10   the following exchange:

11           On September 17, 2025, at 11:40 a.m., Edmund Darcher, attorney for the
             Commissioner, emailed me a settlement proposal for EAJA fees, stating "I think I
12           can settle this case with a reduction to $5,500," with a deadline of "Friday,"
             which was September 19, 2025. At 1:50 p.m. on September 22, 2025, I send [sic]
13           him an email counteroffering the amount of $7,357.92. At 2:09 p.m., he sent me
             an email stating: "The $5,500 settlement offer was partially to save me time,
14           which I have now expended on a draft opposition. I will file it tomorrow
             afternoon unless you can agree to $5,500. Please let me know by noon." At 4:55
15           p.m., I sent him the following email: "Okay, Jack, I am willing to accept your
             offer."
16
             The following day, at 9:07 a.m., he wrote: "Thanks for getting back to me but
17           turns out I can't get approval to settle this case. After the response time elapsed on
             Friday, so did my settlement authority on this matter. I plan to file the opposition
18           later today."

19   Dkt. 39 at 1–2. Plaintiff does not present any settlement agreement reached by the parties for the

20   Court to enforce, and the Court declines to stray from the question Plaintiff originally

21   presented—whether her attorney should be awarded EAJA fees—to a question of whether a

22   settlement was reached and breached.

23

1   Finally, even if Plaintiff were the prevailing party, special circumstances may make an

2   award unjust here.  Plaintiff notified her attorney that she was deemed entitled to benefits as of

3   November 2020 on October 4, 2024.  *See* Dkt. 39 at 2.  That was seventeen days before

4   Plaintiff's attorney began work on her Opening Brief, *see* Dkt. 30-2 at 1, and over one month

5   before Plaintiff's attorney filed her Opening Brief, *see* Dkt. 13.  Plaintiff's attorney avers that

6   Plaintiff failed to send him the second page of her Notice of Award until January 21, 2025,

7   despite repeated requests by his paralegal.  *See* Dkt. 39 at 2; Dkt. 21-1 (October 2, 2024, Notice

8   of Award).  Without having seen the second page, Plaintiff's attorney argues he did not know

9   whether Plaintiff would receive benefits for the period at issue in this case or only prior and

10  subsequent periods.  *See* Dkt. 39 at 2.  But having received the first page, Plaintiff's attorney was

11  on notice that his client's situation may have materially changed, and he had a duty to investigate

12  the status of her claim before advancing this action.  *See* Fed. R. Civ. P. 11(b).  If his client was

13  unreachable or disinterested in continuing to litigate her appeal, he had a duty to adapt his

14  litigation strategy accordingly.  Moreover, Plaintiff also had opportunities to agree to a stipulated

15  remand or voluntary dismissal and thereby expedite resolution of this case, but she opted to

16  proceed to litigate despite having already received the relief sought.  Her concerns about a

17  stipulated remand or dismissal impacting her receipt of benefits were a matter requiring legal

18  research by her attorney, who has, at no point, presented to the Court any argument that those

19  concerns were actually grounded in law as opposed to speculation.  *See* Dkt. 22 at 2–3; Dkt. 26.

20  ///

21  ///

22  ///

23  ///

ORDER DENYING EAJA FEES - 4

Because Plaintiff was not a prevailing party in this action, the Court DENIES her motion for EAJA attorney's fees and expenses at Docket No. 30.

Dated this 9th day of October, 2025.

S. KATE VAUGHAN
United States Magistrate Judge